ALEXANDER *v.* JACOBS.

Opinion delivered October 18, 1920.

GUARANTY—QUESTION FOR JURY.—Whether a guaranty of the value of a stock of goods by a bank cashier was his personal guaranty or intended as the guaranty of the bank *held*, under the evidence, to be a question for the jury.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Starbird & Starbird,* for appellant.

There is no evidence that appellant personally guaranteed the value of the goods and an entire want of evidence that he undertook to guarantee the value of the goods. There was no personal transaction shown with Alexander, the cashier. Whatever warranty was made was a part of the trade, and the trade was a purchase and sale of the claim of the Bank of Mulberry by its cashier under its mortgage against this stock of goods to Jacobs. There was no personal transaction with the cashier. The guaranty was an incident and a part of this transaction. Under the evidence it was error for the court to modify the instruction asked by defendant by adding to it the words "unless the defendant undertook to personally guarantee the goods." And it was error to give the instruction as modified. His act was the act of the bank.

*E. D. Chastain,* for appellee.

1. There was no agency shown in this case. If appellant acted as agent he exceeded his authority. A principal is not bound by the acts of an agent outside the scope of his authority. 92 Ark. 315; 100 *Id.* 360. An agent contracting in the name of his principal with-

out authority so that the principal is not bound makes the agent liable personally. 92 Ark. 535.

2. A verdict will not be disturbed if supported by substantial evidence. 126 Ark. 253. The instructions are correct and there is no error.

HUMPHREYS, J. Appellee instituted suit against appellant before a justice of the peace in Crawford County to recover $204.03 upon an account filed, representing a difference between the appraised and actual value of a stock of goods alleged to have been purchased by appellee from appellant. Appellee obtained a judgment for $50, from which an appeal was prosecuted to the circuit court. In the circuit court the cause was submitted to a jury upon the evidence and instructions of the court, which resulted in a verdict and judgment in favor of appellee for $50, from which an appeal has been duly prosecuted to this court.

Appellee testified in his own behalf, in substance, that he sold Cline & Parish goods to the amount of $285 and retained the title therein until the purchase money was paid; that appellant, M. C. Alexander, obtained the key to the store and refused to allow him to enter and identify the goods for the purpose of attaching them; that appellant informed him that Reynolds & Davis, wholesale merchants in Fort Smith, had placed a garnishment against the goods for $55 and that the Bank of Mulberry, of which he was cashier, had a mortgage for $280 against them, and that, if appellee would pay the claims, he, said appellant, would turn the goods over to him so that he could get his claim out of them; that he thereupon purchased the claim of Reynolds & Davis for $40, and paid appellant $290 for the stock of goods, which covered the claim of the bank and $10 charged by Alexander and his brother for invoicing the stock, upon a guaranty by appellant that the goods were of the value of $775; that he did not buy the bank's claim and that the bank's note and mortgage were not assigned to him; that appellant furnished him an invoice showing the

goods to be of that value; that he, appellee, J. W. Wilbanks and Tom English immediately invoiced them and found them to be of the value of $550; that he immediately informed appellant of the discrepancy in the invoice, and appellant agreed to make it right.

In support of appellee's testimony, J. W. Wilbanks stated, on direct examination, that he heard appellant say to appellee, when he handed him the invoice, that he would "guarantee that goods to the value of $775 were there." On cross-examination, however, in attempting to use the exact language with reference to the guaranty, stated that he heard appellant say, "I will guarantee that the goods invoiced are there."

Appellant testified in his own behalf that he sold appellee the note and mortgage of the bank and did not sell him the stock of goods; that the goods had been turned over to the bank on its mortgage, and that he, appellant, had no personal interest therein; that, in the transaction, he was acting for the bank and not himself; that he did not guarantee the value of the goods, but only guaranteed that the goods invoiced were in the store. In this particular, he was corroborated by Tom English, who testified that the language used in the guaranty was, "I will guarantee the goods invoiced to be there."

The cause was submitted to the jury upon the theory that appellant was not responsible if he acted as the agent of the Bank of Mulberry in the transaction and disclosed this fact to the appellee, unless, in making the guaranty, he exceeded his authority; also that he was not responsible even then if the guaranty went only to the goods listed in the appraisement, and not to the value thereof.

It is first insisted by appellant that there is an entire want of evidence to show that he undertook to guarantee the value of the goods. This position is not well taken. Appellee testified positively that appellant guaranteed that the goods were of the value placed upon them in the appraisement.

It is next insisted by appellant that there was no evidence tending to show that he personally guaranteed the value of the goods. Appellee not only testified that appellant guaranteed the value of the goods, as disclosed by the appraisement, but that appellant personally made that guaranty when he handed the appraisement to him, and later, when a discrepancy was discovered in the value, appellant agreed to make it right. It is suggested, however, that this could not have been regarded as a personal guaranty because appellant was acting for the bank and not himself, and disclosed this fact to the appellee. The evidence does not reflect that appellant told appellee that he was acting for the bank and not himself in making the guaranty. It is true appellant told appellee that the bank had a claim against the stock, but it is also true that he told appellee that if he would pay the bank's claim of $280 off and his claim for appraisement of $10, or a total of $290, he would turn the stock over to appellee. Under this state of fact, it is a question for the jury to say whether the guaranty as to value, if made, was a personal guaranty or intended as a guaranty of the bank. This question was properly submitted to the jury.

No error appearing, the judgment is affirmed.